IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00489-STV

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     5464 ELK VIEW COURT, LARKSPUR, CO;
2.     2012 TOYOTA TUNDRA CREW CAB LIMITED;
3.     17035 WEST 53rd AVENUE, GOLDEN, CO;
4.     2017 FORD F-250 SUPER DUTY CREW CAB LARIAT;
5.     **2014 DODGE VIPER SRT**;
6.     **2014 PORSCHE CAYENNE TURBO**;
7.     **$14,800.00 IN UNITED STATES CURRENCY**;
8.     26 WILDERNESS ROAD, WALDEN, CO;
9.     **$4,000.00 IN UNITED STATES CURRENCY; and**
10.    **$5,711.00 IN UNITED STATES CURRENCY**;

       Defendants.

## ORDER

This matter comes before the Court on the United States' Motion for Default and Final Order of Forfeiture As to Certain Defendant Assets (the "Motion"). [#64] The Motion is before the Court on the parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [##37, 48, 61] This Court has carefully considered the Motion, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reason, the Motion is **GRANTED** and default judgment and forfeiture of defendant assets 2014 Dodge Viper SRT, 2014

1

Porsche Cayenne Turbo, $14,800 in United States currency, $4,000 in United States currency, and $5,711 in United States currency, shall enter in favor of the United States.

I.  **BACKGROUND**[1]

Plaintiff, the United States, commenced this civil forfeiture action, pursuant to 21 U.S.C. § 881 and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, seeking forfeiture of various assets, including real property, vehicles, and monetary property. [##3, 30] This action arises out of a criminal investigation of a Drug Trafficking Organization ("DTO") that was involved in money laundering and tax evasion as part of an illegal marijuana growing operation. [#30 at ¶ 3] The investigation was prompted by a criminal analyst from the Colorado Department of Revenue records, who examined records for Michael Schook and determined that he had failed to file tax returns in 2012, 2013, and 2014. [*Id.* at ¶ 4]

Schook purchased real property located at 17035 West 53rd Avenue in Golden, Colorado [*id.* at ¶ 27], where law enforcement agents observed Schook and his associates involved in marijuana growing activity throughout 2017, and power records indicative of a large illegal marijuana growing operation. [*Id.* at ¶¶ 28-36]. Schook purchased the defendant 2014 Porsche Cayenne in January 2018. [*Id.* at ¶ 48] On February 1, 2018, agents observed the Porsche Cayenne pulling a trailer which was dropped off at a barn at 17035 West 53rd Avenue. [*Id.* at ¶ 47] The next morning, Schook opened the garage door and workers began to move about the trailer. [*Id.*] Investigators

---

[1] The facts are drawn from Plaintiff's Verified Complaint for Forfeiture *In Rem* [#3] and Plaintiff's Verified Amended Complaint for Forfeiture *In Rem* [#30].

executed a search warrant on 17035 West 53rd Avenue on February 21, 2018, discovering over 400 marijuana plants, 35 pounds of finished marijuana, and several firearms. [*Id.* at ¶ 37] The Porsche Cayenne was seized during execution of the search warrant. [*Id.* at ¶ 49] A FedEx package containing defendant $14,800 in United States currency, which arrived to 17035 West 53rd Avenue addressed to Schook during the execution of the warrant, was also seized as proceeds of the marijuana grow operation. [*Id.* at ¶ 50]

During the execution of the search warrant at 17035 West 53rd Avenue, investigators also discovered documents that appeared to constitute an agreement between Schook and Vernon Abila, under which Schook paid Abila for the defendant 2014 Dodge Viper through cash payments from marijuana sales. [*Id.* at ¶¶ 42, 44] The Dodge Viper was seized on February 21, 2018 during an execution of a search warrant at a different residence. [*Id.* at ¶ 46]

As part of the DTO investigation, law enforcement officers also conducted surveillance on 2541 West 52nd Avenue in Denver, Colorado. [*Id.* at ¶¶ 62, 64] Officers performed trash pulls, discovering Ziploc bags smelling of marijuana with a residue of green leafy substances, empty containers of nutrients commonly used in marijuana cultivation, and marijuana trimmings. [*Id.* at ¶¶ 65-67] Agents executed a search warrant on 2541 West 52nd Avenue on February 21, 2018, seizing defendant $4,000 in United States currency, in addition to 125 marijuana plants, approximately one pound of Hash oil, approximately one ounce of mushrooms, and a firearm. [*Id.* at ¶ 68]

Finally, the investigation revealed that Schook's daughter, Leslie Schook, was also involved in a marijuana grow at her rental residence at 740 Carr Street[2] in Lakewood, Colorado. [*Id.* at ¶ 70] After observing marijuana odor emitting from the residence, and reviewing power records indicative of a marijuana grow, officers executed a search warrant of the Carr Street property, seizing defendant $5,711 in United States currency, in addition to 95 marijuana plants, 37 clones, and numerous firearms. [*Id.* at ¶¶ 71-76]

The United States alleges that defendants Dodge Viper and $14,800 in United States currency constitute, or were derived from, proceeds traceable to an exchange of controlled substance in violation of 21 U.S.C. § 801, *et seq.* [*Id.* at ¶¶ 86, 90] The United States further alleges that defendants Porsche Cayenne, $4,000 in United States currency, and $5,711 in United States currency, constitute property being used, or intended to be used, to commit or facilitate the commission of violations of 21 U.S.C. § 801, *et seq.* [*Id.* at ¶¶ 88, 94, 96]

## II. Analysis

The United States originally commenced this action in February 2018. [#3] All known interested parties have been provided an opportunity to respond to the forfeiture, and that publication has been effected as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. [##14, 34, 43, 52] The time to contest the forfeiture and assert an interest in the defendant assets has now expired. [*See id.*] No claim, answer, or other responsive pleading has been filed as to

---

[2] The United States refers to the Carr Street residence alternatively as 740 Carr Street [#30 at ¶ 70] and 340 Carr Street [*id.* at ¶ 76]. The discrepancy appears to be a typographical error and does not impact the Court's analysis.

4

the following defendant assets: 2014 Dodge Viper SRT, 2014 Porsche Cayenne Turbo, $14,8000 in United States currency, $4,000 in United States currency, and $5,711 in United States Currency (the "Defaulted Assets"). [*See* #56] The United States moved for entry of default as to those assets [*id.*], and the Clerk of Court entered default on February 11, 2019 [##57, 58].

"For the Court to now enter default judgment, the Court must conclude, based on a preponderance of the evidence, that reasonable cause existed for the seizure" of the Defaulted Assets. *See United States v. $3,795.00 in U.S. Currency*, No. 07-cv-01893-MSK-KMT, 2008 WL 4722712, at *3 (D. Colo. Oct. 23, 2008) (citing *United States v. [$149,442.43] in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992) (holding that absent a defense, "a showing of probable cause alone will support a judgment of forfeiture")).

Here, the facts set forth in the Verified Amended Complaint provide probable cause for the seizure of the Defaulted Assets based on a preponderance of the evidence. As discussed above, Schook's 2014 Porsche Cayenne was seized during the execution of a search warrant on 17035 West 53rd Avenue, after the vehicle was observed pulling a trailer used in conjunction with an illegal marijuana grow operation. [#30 at ¶¶ 28-33, 47-48] During execution of that search warrant, officers also seized defendant $14,800 in United States currency, which had been addressed to Schook in a FedEx envelope and was seized as proceeds of the operation. [*Id.* at ¶ 50] The defendant Dodge Viper was seized on February 21, 2018 during execution of a search warrant at another residence. [*Id.* at ¶ 46] Officers had discovered documents indicating that Schook paid for the Dodge Viper through cash payments from marijuana sales. [*Id.* at ¶¶ 42, 44]

5

After conducting surveillance on 2541 West 52nd Avenue indicating DTO activity, law enforcement officers also executed a search warrant on that property, where agents seized defendant $4,000 in United States currency, along with 125 marijuana plants, approximately a pound of hash oil and an ounce of mushrooms, and a firearm. [*Id.* at ¶ 68] Finally, law enforcement officers executed a search warrant at the residence of Schook's daughter, where they had observed marijuana odor and power usage records indicating marijuana growing activity, where defendant $5,711 in United States currency was seized, in conjunction with 95 marijuana plants, 37 clones, and numerous firearms. [*Id.* at ¶¶ 72-76] For the foregoing reasons, the United States has demonstrated reasonable cause for the seizure of the Defaulted Assets.

Accordingly, the United States' Motion for Default and Final Order of Forfeiture as to the Defaulted Assets [#64] is **GRANTED** and **IT IS ORDERED** that a default and final order of forfeiture, including all rights, title, and interest, is entered for the following defendant assets:

    a.    2014 Dodge Viper SRT;
    b.    2014 Porsche Cayenne Turbo;
    c.    $14,800.00 in United States currency;
    d.    $4,000.00 in United States currency; and
    e.    $5,711.00 in United States currency;

**IT IS FURTHER ORDERED** that the United States shall have full and legal title as to the defendant assets and may dispose of said assets in accordance with law, and that the Clerk of the Court is directed to enter Judgment as to the defendant assets.

DATED: February 20, 2019            BY THE COURT:

                                    s/Scott T. Varholak
                                    SCOTT T. VARHOLAK
                                    United States Magistrate Judge